IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FIDELITY NATIONAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) ) ) | NO. <u>2:07-CV-860-MEF</u> |
| COMOLETHA JAMISON-MEANS | ) ) | |
| Defendant. | ) ) ) | |

## **<u>PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT</u>**

**COMES NOW,** FIDELITY NATIONAL INSURANCE COMPANY (hereinafter "FIDELITY"), Plaintiff in the above-captioned action, and files this Its Requests For Admissions to Defendant, and pursuant to Fed. R. Civ. Pro. Rule 36, requesting that the Defendant admit the following:

1.

Venue in this Court is proper.

2.

Jurisdiction in this Court is proper.

3.

The amount of damages sought by Defendant from Plaintiff is in excess of $75,000 including the amount of Defendant's claim against Plaintiff, attorneys fees, bad faith penalties and punitive damages.

4.

This is a civil action between citizens of different states.

5.

This is an Action brought pursuant to the Declaratory Judgment Acts as codified under 28 USC **§ 2201**, et. seq.

6.

On or about January 25, 2006, there was created a putative contract Plaintiff Fidelity and Defendant Jamison-Means.

7.

The insurance contract issued by Plaintiff to Defendant (Homeowners Policy Number CP6-1302) attached as EXHIBIT "A" to the Complaint is the True, Genuine and Accurate policy governing the loss which gives rise to this litigation.

8.

Policy Number CP6-1302, was issued to Defendant and putatively

insured the premises located at 2265 E. Aberdeen Drive, Montgomery, (Montgomery County) Alabama 36116 and ostensibly provided coverage from January 25, 2007 until January 25, 2008 for the Defendant's residence.

9.

Defendant alleges that on or about February 19, 2007 a person or persons unknown unlawfully gained entrance to the putatively insured residence located at 2265 E. Aberdeen Drive, Montgomery, (Montgomery County) Alabama 36116.

10.

Defendant insured alleges that person or persons unknown who unlawfully gained access to the putatively insured premises allegedly stole property belonging to Defendant.

11.

Defendant submitted a claim to Plaintiff totaling $41,818.63 from a theft at her home which she alleged occurred on February 19, 2007.

12.

Page 11 of the Fidelity National Insurance policy issued to Defendant provides the following:

**SECTION I - CONDITIONS:**

b. Duties After Loss

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "Insured" seeking coverage, or a representative of either:

5. Cooperate with us in the investigation of the claim;

6. Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory.

13.

Defendant failed to cooperate with Plaintiff after Fidelity National requested that Defendant provide truthful answers to Plaintiff regarding facts and circumstances surrounding the loss.

14.

Plaintiff requested that Defendant submit to an Examination Under Oath and at the beginning of the Examination Under Oath advised Defendant of her duty to answer the questions truthfully and completely and that any false

statement, intentional omissions or intentional misrepresentations may constitute an independent basis of denial of the claims presented to Fidelity, to which Defendant testified that she understood.

15.

Defendant failed to cooperate, as required by the terms and conditions of the above-referenced policy, in that she intentionally provided Plaintiff with misrepresentations with respect to information sought about the claim arising from the alleged theft of February 19, 2007.

16.

Page 13 of the Fidelity Insurance policy issued to Plaintiff provides the following:

SECTION I - CONDITIONS

Q.   Concealment Or Fraud

We provide coverage to no "Insureds" under this policy if, whether before or after a loss, an "insured" has:

1.   Intentionally conceal or misrepresented any material fact or circumstance;

2.   Engaged in fraudulent conduct; or

3.   Made false statements

Relating to this insurance.

17.

Defendant provided false and contradictory information under oath to Plaintiff regarding the facts and circumstances surrounding the alleged theft loss of February 19, 2007.

18.

Defendant's false and contradictory information regarding the claim submitted to Plaintiff violated the Concealment Or Fraud exclusion contained in the policy issued by Plaintiff to Defendant.

19.

Defendant provided information to Plaintiff regarding the purchase of items which the insured contends were removed from her premises on or about February 19, 2007, which were not purchased as Defendant alleges and/or were not located in the premises at the time of the loss.

20.

Property which Defendant contends was stolen from her home on February 19, 2007 was listed on an Inventory submitted by Defendant to Plaintiff.

21.

A True, Correct and Genuine copy of the Inventory which Defendant submitted to Plaintiff is attached hereto as EXHIBIT "E".

22.

The document which is attached hereto as EXHIBIT "D" lists property in Defendant's possession at the time she filed for Bankruptcy on January 2, 2007.

23.

Defendant indicated in Schedule B contained in her Bankruptcy filing dated January 2, 2007 that the entire value of her household goods in her residence on January 2, 2007 was only $1,500.

24.

Defendant provided Plaintiff with monthly checking account statements which showed that Defendant did not have the financial resources to make purchases of personal property which Defendant alleged had been stolen on or about February 19, 2007 as indicated in the Inventory and Proof of Loss which Defendant submitted to Plaintiff.

25.

Some of the information which Defendant provided to Plaintiff regarding property which Defendant alleges was stolen from her residence on

or about February 19, 2007 was false.

26.

The false information which Defendant submitted to Plaintiff regarding property Defendant alleges was stolen from her residence on February 19, 2007 violated the Concealment Or Fraud exclusion contained in Plaintiff's policy of insurance.

27.

Defendant indicated in Schedule B contained in her Bankruptcy filing dated January 2, 2007 that she had the following property:

| | | |
|---|---|---|
| 1. | Cash | $ 40 |
| 2. | Checking/Savings Accounts | $ 83 |
| 4. | Household Goods...Audio, Video, Computer | $ 1,500 |
| 5. | Books, DVD's, Wall Decor | $ 200 |
| 6. | Wearing Apparel (Clothing) | $ 200 |
| 7. | Furs/Jewelry | $ 300 |
| 8. | Photographic Equipment | $ 0 |

28.

In the theft loss submitted by Defendant to Plaintiff, Defendant claimed the following value of property was stolen from her residence:

| 1. | Cash | $ 3,795 |
| 2. | Checking/Savings Accounts | $ 0 |
| 4. | Household Goods...Audio, Video, Computer | $14,275 |
| 5. | Books, DVD's | $14,434 |
| 6. | Wearing Apparel (Clothing) | $ 0 |
| 7. | Furs/Jewelry | $ 3,364 |
| 8. | Photographic Equipment | $ 908 |

29.

Defendant asserted a position in the amount of property she claimed she had in her possession which was allegedly stolen in the loss submitted to Plaintiff which was inconsistent with the amount of property Defendant claimed she had in her possession which was previously asserted in the Bankruptcy proceeding filed on January 2, 2007.

30.

Defendant submitted a claim to Plaintiff totaling $41,818.63 for property allegedly stolen from the insured residence, which did not include property which was left behind by alleged thieves who gained entry into Defendant's premises.

31.

A true, accurate and genuine copy of the Proof of Loss submitted by Defendant to Plaintiff for property allegedly stolen from Defendant's premises is attached hereto as EXHIBIT "B".

32.

On January 2, 2007 Defendant filed for Bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama, Case No. 07-30002.

33.

A true, accurate and genuine copy of the Schedule B which was part of the Petition which Defendant filed with her Petition for Bankruptcy on January 2, 2007 is attached hereto as EXHIBIT "D".

34.

In Schedule B from Defendant's Bankruptcy filing on January 2, 2007, Defendant stated that entire value of her household goods in her residence approximately seven weeks prior to the loss was approximately $2,300.

35.

In the Inventory and Proof of Loss which Defendant submitted to Plaintiff, the Defendant claimed approximately $41,818 of property was stolen from the residence.

36.

Alabama Code § 27-14-28 governs the manner by which insurance companies may void insurance policies where there is a Misrepresentation in the Proof of Loss.

37.

Alabama Code § 27-14-28 provides:

*No misrepresentation in any Proof of Loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy.*

38.

Plaintiff has no obligation to settle any claim or pay Defendant any money arising out of the alleged loss on or about February 19, 2007.

39.

No coverage for the claim submitted by Defendant to Plaintiff is afforded under the Plaintiff's policy of insurance.

40.

On May 13, 2003 Defendant filed for Bankruptcy in the Middle District

of Alabama, Case No. 03-3152.

41.

On Schedule B of the Bankruptcy Petition Defendant filed on May 13, 2003 Defendant stated that she owned the following:

| | | |
|---|---|---|
| 1. | Cash On Hand | $ 0 |
| 2. | Checking/Savings Accounts | $ 35 |
| 4. | Household Goods... Audio, Video, Computer: | $ 1,500 |
| 5. | Books, DVD's, Wall Decor | $ 50 |
| 6. | Wearing Apparel (Clothing) | $ 1,500 |
| 7. | Furs/Jewelry | $ 0 |
| 8. | Photographic Equipment | $ 0 |

42.

A true, accurate and genuine copy of the Schedule B which was part of the Petition which Defendant filed on May 13, 2003 in the Middle District of Alabama, Case No. 03-3152 is attached hereto as EXHIBIT "F".

This  day of September, 2007.

CLAXTON & CLAXTON, LLC

_____
WILLIAM P. CLAXTON
Admission Pro Hac Vice Applicant
Attorney for Plaintiff
Fidelity National Insurance Company

Suite 115
180 Interstate North Parkway, SE
Atlanta, Georgia 30339-2102
770.933.1946
770.933.8455 (Fax)
wclaxton@claxtonclaxtonllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | NO. 2:07-CV-860-MEF |
| v. ) | |
| ) | |
| COMOLETHA JAMISON-MEANS ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed and served a copy of **PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANT** upon all parties by personally serving same with the Complaint for Declaratory Judgment at the Address below:

Comoletha Means
3226 Virginia Loop Drive
Montgomery, Alabama 36116
or
Comoletha Means
Lear Corporation
200 Folmar Pkwy
Montgomery, AL 36105

This 27th day of September, 2007

_____
WILLIAM P. CLAXTON

-14-