IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FIDELITY NATIONAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION FILE |
| v. | ) ) ) ) | NO. 2:07-CV-860-MEF |
| COMOLETHA JAMISON-MEANS | ) ) | |
| Defendant. | ) ) | |

## REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT

TO THE CLERK OF COURT

Plaintiffs hereby request that the Clerk enter Default in this matter against Defendant on the ground that Defendant has failed to appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure. (See Declaration of William P. Claxton).

Plaintiff served the Summons and Complaint upon the Defendant on October 23, 2007. (Id.). The Defendant failed to file an Answer or seek an Extension of Time either from the Court or from the Plaintiff to file a late Answer. Plaintiff has averred that the Defendant is not an infant or incompetent person or in the military services.

(Id.).

A Defendant who has been properly served, is required to respond to a complaint within twenty days of the date of service. Fed.R.Civ.P. 12(a)(1), or risk entry of default against it pursuant to Rule 55 of the Federal Rules of Civil Procedure. As provided in Rule 55(a), the clerk may enter a party's default with regard to a claim for affirmative relief where the elements of default are shown by an affidavit or other competent proof. See: Fed.R.Civ.P. 55(a). As provided in Rule 55(b)(2) of the Federal Rules of Civil Procedure, where the amount sought is not for a "sum certain or for a sum which can by computation be made certain," the party which is "entitled to a judgment by default shall apply to the court therefor" and "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States." Fed.R.Civ.P. 55(b)(2). Here, "all essential evidence is already of record," **S.E.C. v. Smyth**, 420 F.3d 1225, 1231-32 & n. 13 (11th Cir. 2005), and therefore, a hearing is not required.

This 26th day of November, 2007.

CLAXTON & CLAXTON, LLC

_____
WILLIAM P. CLAXTON
Movant, ***Pro Hac Vice***
Attorneys for Plaintiff

Suite 115
180 Interstate North Parkway
Atlanta, Georgia 30339-5679
770.933.1946
770.933.8455 (Fax)
wclaxton@claxtonclaxtonllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL ) <br> INSURANCE COMPANY ) <br> ) <br>     Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> COMOLETHA JAMISON-MEANS ) <br> ) <br>     Defendant. ) <br> _____ ) | CIVIL ACTION FILE <br><br> NO.  2:07-CV-860-MEF |

**<u>DECLARATION OF WILLIAM P. CLAXTON
IN SUPPORT OF PLAINTIFF'S REQUEST
FOR ENTRY OF DEFAULT JUDGMENT</u>**

STATE OF GEORGIA

COUNTY OF COBB

1.

Personally appeared before the undersigned officer duly authorized to administer oaths, William P. Claxton who, after being duly sworn, shows the Court the following.

2.

The undersigned Counsel for Plaintiff shows that he is a current member of the State Bar of Georgia, the Tennessee Bar Association and is in good standing before the Georgia Supreme Court, Georgia Court of Appeals, Tennessee Supreme Court, Tennessee Court of Appeals, United States Court of Appeals for the Eleventh Circuit, United States Court of Appeals for the Sixth Circuit, as well as the United States District Courts for the Northern District of Georgia, Middle District of Georgia, Southern District of Georgia, Eastern District of Tennessee and Western District of Tennessee and has been admitted Pro Hac Vice for purposes of this action before the United States District Court for the Middle District of Alabama and serves as Counsel for the Plaintiff.

3.

Unless otherwise stated, the undersigned has personal knowledge of the facts stated herein and if called and sworn as a witness, could and would testify to the facts contained herein.

4.

Plaintiff commenced this action by filing a Complaint in this Honorable Court on September 26, 2007. Plaintiff served the Summons and Complaint upon the Defendant on October 23, 2007. Attached hereto as EXHIBIT A is a true and correct copy of the proof of service on file with the Court, reflecting that Defendant was

served with the Summons and Complaint on October 23, 2007. (See: Docket, Entry 10).

5.

More than 20 days have lapsed since the date on which service of the Summons and Complaint was effectuated.

6.

The Defendant has failed to file an Answer or seek an Extension of Time either from the Court or from the Plaintiff to file a late Answer.

7.

Plaintiff has conducted an investigation and the undersigned recently personally interviewed Defendant and states upon personal belief that the Defendant is not an infant or incompetent person or in the military services.

8.

A search for Defendant's name was conducted through the Defense Manpower Data Center and Servicemembers Civil Relief Act database. Similarly, the undersigned personally obtained an Examination Under Oath from Defendant recently and no evidence exists that Defendant is actively serving in any branches of military services.

9.

This information is based upon my personal knowledge and belief and I depose

2.

The undersigned Counsel for Plaintiff shows that he is a current member of the State Bar of Georgia, the Tennessee Bar Association and is in good standing before the Georgia Supreme Court, Georgia Court of Appeals, Tennessee Supreme Court, Tennessee Court of Appeals, United States Court of Appeals for the Eleventh Circuit, United States Court of Appeals for the Sixth Circuit, as well as the United States District Courts for the Northern District of Georgia, Middle District of Georgia, Southern District of Georgia, Eastern District of Tennessee and Western District of Tennessee and has been admitted Pro Hac Vice for purposes of this action before the United States District Court for the Middle District of Alabama and serves as Counsel for the Plaintiff.

3.

Unless otherwise stated, the undersigned has personal knowledge of the facts stated herein and if called and sworn as a witness, could and would testify to the facts contained herein.

4.

Plaintiff commenced this action by filing a Complaint in this Honorable Court on September 26, 2007. Plaintiff served the Summons and Complaint upon the Defendant on October 23, 2007. Attached hereto as EXHIBIT A is a true and correct copy of the proof of service on file with the Court, reflecting that Defendant was

that if called as a witness in this matter I would state the information set forth in this affidavit.

This 26th day of November, 2007.

CLAXTON & CLAXTON, LLC

_____
WILLIAM P. CLAXTON
Movant, ***Pro Hac Vice***
Attorneys for Plaintiff

Suite 115
180 Interstate North Parkway
Atlanta, Georgia 30339-5679
770.933.1946
770.933.8455 (Fax)
wclaxton@claxtonclaxtonllc.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party in the foregoing matter with a copy of this DEFENDANT'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT and DECLARATION by via United States Mail - First Class Postage - by addressing an envelope bearing same to:

        Ms. Comoleatha Means
        2265 E. Aberdeen Drive
        Montgomery, AL 36116

This 26th day of November, 2007.

                                    WILLIAM P. CLAXTON

| | |
|---|---|
| AO 440 (Rev. 10/93) Summons in a Civil Action | **RETURN OF SERVICE** |
| SERVICE OF: SUMMONS, COMPLAINT, EXHIBITS<br>EFFECTED (1) BY ME: OUT OF STATE<br>TITLE: PROCESS SERVER | DATE: 10/26/07 |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[ ] Served personally upon the defendant:

COMOLETHA MEANS

Place where served:

Montgomery County Sheriffs Dept -115 S. Perry St

[X] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

George Means Jr.

Relationship to defendant: Husband

Description of person accepting service:

SEX: M  AGE: 37  HEIGHT: 5'09  WEIGHT: 145  SKIN: MED  HAIR: BLK  OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____    SERVICES $ _____    TOTAL $ _____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

DATE: 10/26/2007

SIGNATURE OF OUT OF STATE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

115 S. Perry St
Montgomery, AL
36104

ATTORNEY:   WILLIAM P. CLAXTON, ESQ.
PLAINTIFF:  FIDELITY NATIONAL INSURANCE COMPAMY
DEFENDANT:  COMOLETHA JAMISON-MEANS
VENUE:      MIDDLE DISTRICT OF ALABAM
DOCKET:     2:07 CV 860 MEF

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT A

%AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 10-26-07 |
| NAME OF SERVER *(PRINT)* Jacqueline Weatherington | TITLE Clerk |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where _____

☒ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: George Means, JR.

☐ Returned _____

☐ Other (specify): _____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed  10-26-07         Jacqueline Weath[...]
                Date                   *Signature of Server*

                                        115 S. Perry St
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Case 2:07-cv-00860-MEF-TFM    Document 11-3    Filed 11/26/2007    Page 3 of 3
Case 2:07-cv-00860-MEF-TFM    Document 10    Filed 11/26/2007    Page 3 of 3
Case 2:07-cv-00860-MEF-TFM    Document 3    Filed 09/27/2007    Page 1 of 1

AO 440 (Rev. 8/01) Summons in a Civil Action

10/25

10/25

# UNITED STATES DISTRICT COURT

MIDDLE District of ALABAMA

FIDELITY NATIONAL INSURANCE COMPANY

V.

COMOLETHA JAMISON-MEANS

SUMMONS IN A CIVIL ACTION

CASE NUMBER: 2:07CV860-MEF

TO: (Name and address of Defendant)

COMOLETHA JAMISON-MEANS
3226 VIRGINIA LOOP DRIVE
MONTGOMERY, ALABAMA 36116   CITY

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

WILLIAM P. CLAXTON
CLAXTON & CLAXTON, LLC
SUITE 115
180 INTERSTATE NORTH PARKWAY
ATLANTA, GA 30339

770-933-1946

an answer to the complaint which is served on you with this summons, within ~~60~~ 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Debra P. Hackett                                    9-27-07
CLERK                                               DATE
(By) DEPUTY CLERK