IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-860-MEF |
| ) | |
| COMOLETHA JAMISON-MEANS ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

FIDELITY NATIONAL INSURANCE COMPANY, Plaintiff herein, having Petitioned the Court for an ORDER granting Plaintiff's Motion for Default Judgment and Order and Decree granting Declaratory Relief, after Entry of Default by the Clerk on November 29, 2007. Plaintiff requests that this Court enter an Order of Default and Decree Declaring that no coverage exists on the policy of insurance issued by Plaintiff.

**FINDINGS OF FACT**

A review of the record shows that on September 26, 2007 the Plaintiff filed its Complaint for Declaratory Judgment (Doc. # 1). Requests for Admissions were filed the following day. (Doc. # 5). Defendant was served with the Complaint on October 26, 2007. (Doc. # 10). The Clerk of Court entered Default against the Defendant on the Dockets of this Court on November 29, 2007. (Doc. # 12). Plaintiff filed a Motion for Decree After Entry of Default Judgment on December 13, 2007. (Doc. # 13).

An Order to Show Cause Why Default Judgment should not be entered against

Defendant was filed by this Court on January 7, 2008 requiring Defendant to show cause in writing on or before January 17, 2008 as to why Plaintiff's Motion should not be granted. (Doc. # 14). Defendant failed to file the responsive writing within the time prescribed or at a later date.

The Plaintiff's present Motion is premised upon the fact that Defendant has failed to appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure.

This is an action brought pursuant to the Declaratory Judgment Acts as codified under 28 USC § 2201, *et. seq*. The record reflects that the Plaintiff, Fidelity, served the Summons and Complaint upon the Defendant on October 23, 2007. The Defendant failed to file an Answer or seek an Extension of Time either from the Court or from the Plaintiff to file a late Answer. Plaintiff has averred that the Defendant is not an infant or incompetent person or in the military services. (*Id.*).

The Court finds that on or about January 25, 2006, there was created a putative contract Plaintiff Fidelity and Defendant Jamison-Means. As part of that putative contract, Plaintiff issued its Homeowners Policy Number CP6-1302 (Hereinafter referred to as "The Policy"). The policy, having been renewed on January 25, 2007 with effective dates of coverage from January 25, 2007 until January 25, 2008, putatively afforded homeowners insurance covering homeowner's losses for the insured residence located at 2265 E. Aberdeen Drive, Montgomery, (Montgomery County) Alabama 36116, in accordance with the terms, limits, definitions, exclusions and conditions of The Policy.

The insured Defendant submitted a claim to the Plaintiff alleging that on or about February 19, 2007 a person or persons unknown unlawfully gained entrance to the insured's residence. The insured Defendant further informed Fidelity that said person or persons stole property belonging to Defendant. Defendant's claim totaled $41,818.63. In support of the claim, Defendant submitted a Proof of Loss to Plaintiff.

The Fidelity National Insurance policy issued to Defendant provides on Page 11 the following Condition:

> SECTION I - CONDITIONS:
> b.   Duties After Loss
> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "Insured" seeking coverage, or a representative of either:
> 5.   Cooperate with us in the investigation of the claim;
> 6.   Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory.

The record reflects, and the Court finds, that the Defendant insured failed to cooperate with Plaintiff after Fidelity National requested that Defendant provide truthful answers to Plaintiff regarding facts and circumstances surrounding the loss. The Plaintiff Insurer, through its Counsel of Record, took an Examination Under Oath of Defendant insured. Prior to the start of an Examination Under Oath taken of Defendant, Counsel for Fidelity National reminded Defendant of her duty to answer the questions truthfully and completely and that any false statement, intentional omissions or intentional misrepresentations may constitute an independent basis of denial of the claims presented

to Fidelity, to which Defendant testified that she understood. However, during that Examination Under Oath, the Defendant insured provided false testimony regarding material aspects of her claim submitted to Plaintiff.

As a result of the Defendant insured's failure to cooperate, as required by the terms and conditions of the policy, the Court finds that Plaintiff Fidelity is entitled to a Declaration and Decree from this Honorable Court that it be permitted to deny this claim as a result of the Defendant insured's failure to cooperate as required by the policy.

Similarly, on page 13 of the Fidelity Insurance policy issued to Defendant provides the following:

> SECTION I - CONDITIONS
> Q.   Concealment Or Fraud
>      We provide coverage to no "Insureds" under this policy if, whether before or after a loss, an "insured" has:
>      1.   Intentionally conceal or misrepresented any material fact or circumstance;
>      2.   Engaged in fraudulent conduct; or
>      3.   Made false statements
>      Relating to this insurance.

In the present matter, the Court finds that the Defendant Insured provided false and contradictory information under oath to Plaintiff regarding the facts and circumstances surrounding this loss in violation of the Concealment Or Fraud exclusion contained in the policy issued by Plaintiff to Defendant. Defendant provided information to Plaintiff regarding the purchase of items which the insured contends were removed from her premises on or about February 19, 2007, which the Court has determined were not in fact purchased as Defendant alleges and/or were not located in the premises at the time of the

loss.

The Court finds that when Plaintiff Fidelity compared the alleged items which Defendant contends were stolen which Defendant insured listed on an Inventory submitted to Plaintiff with the Property which Defendant listed as property in her possession at the time she filed for Chapter 13 Bankruptcy on January 2, 2007 in the United States Bankruptcy Court for the Middle District of Alabama (Case No. 07-30002) and found significant discrepancies in the alleged property which Defendant stated under oath was not in her possession immediately prior to the theft and that property which Defendant told Plaintiff was taken in the purported theft of February 19, 2007, the insured violated the Concealment Or Fraud Exclusion in the policy.

The Court finds that when Plaintiff reviewed monthly checking statements which Defendant provided to Plaintiff which showed that Defendant did not have the financial resources to make purchases of personal property which Defendant alleged had been stolen on the date in question as indicated in the Inventory and Proof of Loss which Defendant submitted to Plaintiff, the insured violated the Concealment Or Fraud Exclusion in the policy.

As a result of the false information which the Defendant insured provided to Plaintiff Fidelity in violation of the Concealment Or Fraud exclusion, Plaintiff Fidelity is entitled to an Order and Decree from this Honorable Court that claim is denied.

The Court also finds that the doctrine of Judicial Estoppel should be applied in this matter to prohibit the Defendant insured from taking a position in this action which is

inconsistent with a position previously asserted in the Bankruptcy filing referenced above.

The Doctrine of Judicial Estoppel precludes a party from assuming a position in a legal proceeding inconsistent with a position previously asserted. *Luna v. Dominion Bank of Middle Tennessee, Inc.*, 631 So.2d 917, 918 (Ala. 1993). Judicial Estoppel serves to protect the integrity of judicial proceedings. *Consolidated Stores, Inc. v. Gargis,* 686 So.2d 268, 274 (Ala. Civ. App. 1996).

The Court finds that the Defendant insured submitted a claim to Plaintiff totaling $41,818.63 for property allegedly stolen from her residence, which did not include property which was left behind by alleged thieves who purportedly gained entry into Defendant's premises.

The Court also finds that on January 2, 2007, one month prior to the alleged theft which forms the basis of this litigation, Defendant insured filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama, Case No. 07-30002.

At the time that Defendant filed for Bankruptcy on January 2, 2007, she attached contemporaneously therein a Schedule B which identified the amount of property in Defendant's possession.

The Court finds upon review of that document, the insured stated under oath and "under penalty of perjury" that entire value of her household goods in the putatively insured residence approximately thirty (30) days prior to the loss was only $2,300, while

in the Inventory and Proof of Loss which Defendant submitted to Plaintiff Fidelity, Defendant claimed in excess of $41,818 of property was stolen from the putatively insured residence, not including all of the furniture and other household goods left in the house after the alleged theft.

This Court finds that the Defendant insured has asserted a position in the claim submitted to Plaintiff for the theft of personal property that is inconsistent with her position previously asserted under oath in the Bankruptcy Court for the Middle District of Alabama. Such inconsistent positions are barred by the doctrine of Judicial Estoppel.

As a result of the application of the Doctrine of Judicial Estoppel herein, the Court finds that Plaintiff Fidelity is entitled to an Order and Decree from this Honorable Court that claim is denied.

Finally, Alabama Code § 27-14-28 governs the manner by which insurance companies may void insurance policies where there is a Misrepresentation in the Proof of Loss. Alabama Code § 27-14-28 provides:

> No misrepresentation in any Proof of Loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy.

The Court finds after a review of the record that the insured Defendant submitted a claim to Plaintiff totaling $41,818.63 for property allegedly stolen from the insured residence, which did not include property which was left behind by alleged thieves who gained entry into Defendant's premises. Here the Defendant insured stated under oath

and "under penalty of perjury" in her Bankruptcy Petition filed a month prior to the reported loss that the value of her household goods in the putatively insured residence was only $2,300, while in the Inventory and Proof of Loss which Defendant submitted to Plaintiff Fidelity, Defendant claimed in excess of $41,818 of property was stolen.

The Court finds that Defendant insured made misrepresentations in the Proof of Loss submitted to Plaintiff Fidelity which now serves to defeat or void the policy issued by Fidelity inasmuch as said misrepresentations were made with actual intent to deceive Fidelity by the Defendant insured as to a matter material to the insured's rights under the policy as statutorily prohibited by Alabama Code § 27-14-28.

## DISCUSSION

The Court finds that the Defendant who has been properly served, is required to respond to a complaint within twenty days of the date of service, Fed. R. Civ. P. 12(a)(1), or risk entry of default against it pursuant to Rule 55 of the Federal Rules of Civil Procedure. As provided in Rule 55(a), the Clerk may enter a party's default with regard to a claim for affirmative relief where the elements of default are shown by an affidavit or other competent proof. *See* Fed. R. Civ. P. 55(a).

Here, the Clerk entered Default against the Defendant on November 29, 2007. (Doc. # 12).

As provided in Rule 55(b)(2) of the Federal Rules of Civil Procedure, where the amount sought is not for a "sum certain or for a sum which can by computation be made

certain," the party which is "entitled to a judgment by default shall apply to the court therefor" and "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States." Fed. R. Civ. P. 55(b)(2).

Here, "all essential evidence is already of record," *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005), and therefore, a hearing is not required and the Court need only sign the Decree and Order attached to and filed with this Motion.

Furthermore, the Entry of Default by the Clerk already appears on the Docket (Doc. # 12) and was docketed on November 29, 2007.

## **CONCLUSION**

The Court finds that the Defendant insured (1) failed to comply with that portion of the Policy requiring that Defendant cooperate with Plaintiff in the investigation of the claim; (2) failed to provide truthful information in the claim submitted to Plaintiff in violation of the Fraud or Concealment exclusion in the Plaintiff's policy; (3) failed to provide truthful answers to Plaintiff during its investigation into the loss; (4) is barred by Judicial Estoppel in that Defendant assumed a position in a legal proceeding inconsistent with a position previously asserted; and/or (5) provided material misrepresentations to

Plaintiff with the actual intent to deceive Plaintiff as to a matter material to the insured's rights under the policy.

Accordingly, it is hereby ORDERED as follows:

(1) Plaintiff Fidelity National Insurance Company is not obligated provide coverage for any claim presented, or resulting from any lawsuit which may result from the alleged loss on or about February 19, 2007;

(2) Plaintiff Fidelity National Insurance Company is not obligated to pay on to any agents or assigns of Defendant or to any third parties any sums arising in and out of the alleged loss on or about February 19, 2007;

(3) Fidelity National Insurance Policy CP6-1302 affords no coverage to Defendant arising out of the alleged loss on or about February 19, 2007;and

(4) Defendant and her agents and assigns are permanently stayed, restrained, and enjoined the herein from pursuing litigation against Plaintiff for the claim arising as a result of the reported loss of February 19, 2007.

(5) The Court will enter a separate final judgment taxing costs.

Done on this the 11th day of March, 2008.

          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE